## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RENEE COATES,** | * | |
| **As the Personal Representative of the** | | |
| **Estate of Karrem Abdul Ali** | * | |
| **3403 Bantry Way** | | |
| **Olney, Maryland 20832** | * | **Civil Action No.** |
| | | |
| **&** | * | |
| | | |
| **CICERO SATTERFIELD** | * | |
| **6801 Allegheny Avenue** | | |
| **Takoma Park. Maryland 20912** | * | |
| | | |
| **Plaintiffs** | * | |
| **v.** | | |
| | * | |
| **MONTGOMERY COUNTY, MARYLAND** | | |
| **Serve:** | * | |
| **Marc P. Hansen, Esq.** | | |
| **County Attorney, Montgomery County** | * | |
| **101 Monroe Street** | | |
| **Third Floor** | * | |
| **Rockville, MD 20850** | | |
| | * | |
| **and** | | |
| | * | |
| **SEVERAL AS OF NOW UNIDENTIFIED** | | |
| **MONTGOMERY COUNTY POLICE** | * | |
| **OFFICERS** | | |
| **in both their official and individual capacities** | * | |
| **Third District** | | |
| **801 Sligo Avenue** | * | |
| **Silver Spring, MD 20901** | | |
| | * | |
| **Defendants.** | | |
| | * | |

## <u>COMPLAINT</u>
**(Wrongful Death/Survival Act; Police Brutality/Excessive Force;**
**Assault & Battery; Deprivation of Civil Rights; Intentional**
**Infliction of Emotional Distress; Maryland Constitution)**

**INTRODUCTION**

1.  This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the Defendants for committing acts under color of law which deprived Karrem Abdul Ali of rights secured under the Constitution  and laws of the United States.

2.  In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

**JURISDICTION**

3.  Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

4.  Montgomery County  was given notice of this claim by letter dated April 7, 2011.

**PARTIES**

5.  Plaintiff Renee Coates was at all times relevant herein, a resident of the State of Maryland. Plaintiff is the personal representative of the estate of her deceased brother, Karrem Ali.

6.  Plaintiff Cicero Satterfield was at all times relevant herein, a resident of the State of Maryland.  Plaintiff is the father of the of the decedent, Karrem Ali.

7.  Several Unknown Police Officers were employed at all times relevant herein as members of the Montgomery County Police Department and are being sued in their official and individual capacities.

8.  Defendant Montgomery County maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its officers.  These policies, practices and customs include training in the use of force and on-the-street encounters with civilians as well as taser training.  Montgomery County is

liable directly and vicariously.

## STATEMENT OF RELEVANT FACTS

9.  Plaintiffs' decedent, Karrem Ali  was a 65 year old mentally challenged individual who stood 5'4" tall and weighed 225 pounds.  He lived in the 11600 block of Lockwood Drive in Silver Spring, MD.

10.  On October 10, 2010, Mr. Ali was confronted by two as of yet unidentified Montgomery County Police Officers while he was in the 11400 block of Lockwood Drive, which was a short walk from his home.  At the time of the confrontation, Mr. Ali was unarmed and posed no legitimate threat of any kind to the as of yet unidentified officers.

11.  When confronted by the as of yet unidentified officers, Mr. Ali made no attempt to flee, nor did he act aggressively toward either officer.  In fact, all that Mr. Ali did was to be unresponsive. Because he was unresponsive and passive, the as of yet unidentified officers escalated the situation by attempting to take Mr. Ali into custody without justifiable cause.  In their attempt to unlawfully seize Mr. Ali without just cause, the as of yet unidentified officers resorted to the use of force in the form of the use of pepper spray, physical violence and repeated tasings.  In fact, Mr. Ali suffered broken ribs, and contusions, bruises and abrasions over a significant portion of his body in addition to evidence of taser deployments to his back, arms, legs and buttocks.

12.  Without question, the 65 year old decedent was subjected to a serious, violent, wanton and an entirely unreasonable and unwarranted use of force despite the fact of his advanced  age and diminutive stature. Not surprisingly, plaintiffs' decedent stopped breathing shortly after the brutal attack and was taken to Holy Cross Hospital where he lingered for four days until finally dying.

13.  Even  though Defendant Montgomery County  knows that its officers routinely violate

the civil rights of persons in all walks of life by using taser guns,  it has taken no steps to better train

or supervise the members of its officers and in particular the as of yet unidentified defendants.

14.    Moreover, Defendant Montgomery County routinely allows its ill-trained and

poorly supervised officers to use tasers without proper training.

15.  At all times relevant to this action, the as of yet unidentified officers  were acting under

color of law and within the scope of his employment as a duly appointed law enforcement officers

of Montgomery County, Maryland.

16.  At all times relevant to this action Montgomery County had in effect and was responsible

for the policies and procedures followed by the as of yet unidentified officers in the actions taken

relating to the decedent, and was further responsible for the hiring, training, supervision, monitoring

and disciplining of the officers involved.

## COUNT I
### (Survival Act)

17.  Plaintiffs incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

18.    Pursuant to the Annotated Code of Maryland, Estates and Trusts § 7-401(y), the

decedent's right of action for wrongful and negligent conduct against the as of yet unidentified

defendant officers Defendants survives in favor of Renee Coates, the legal representative of the

deceased.   Plaintiff, Renee Coates, demands all damages recoverable under the Act including

substantial damages for funeral and medical expenses and conscious pain and suffering, as well as

any other damages recoverable under the Act.

Wherefore, Plaintiffs  demand judgment against Defendants, jointly and severally, in the full

and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages,

plus interest and costs.

## COUNT II
### (Wrongful Death)

19.  Plaintiffs incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

20.  Plaintiffs claims are also actionable under Maryland Wrongful Death Act.

21.  As a direct result of the negligence or wrongful acts of the Defendants, Plaintiffs and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

Wherefore, Plaintiffs  demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
### ( Excessive Force/Police Brutality)

22.  Plaintiffs incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

23.  At all times relevant herein, Defendants had a duty to employ only reasonable measures in their interaction and treatment of the decedent.

24.  Notwithstanding said duties, the as of yet unidentified Montgomery County Officers and Defendant Montgomery County, through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on decedent, Karrem Ali, inasmuch as no force whatsoever was warranted under the circumstances nor authorized.

25.  Defendant Montgomery County, acting under color of law, approved and/or condoned the intentional actions of the as of yet unidentified Montgomery County Officers; thus, any and all liability on the part of the Defendant officers is imputed to Defendant Montgomery County.

-5-

26.  As a direct and proximate result of the intentional and wrongful actions of the as of yet unidentified Montgomery County Officers and Defendant Montgomery County, Karrem Ali was murdered.

Wherefore, Plaintiffs  demand judgment against Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (Assault & Battery)

27.  Plaintiffs incorporate, by reference, paragraphs 1 through 16, as if fully set forth herein.

28.  The Defendants without proper grounds, willfully and maliciously and/or willfully and maliciously caused the tasering of Kareem Ali, the decedent, at least 2 times.  Each of the wounds suffered by decedent Ali was inflicted without justification by the as of yet unidentified Montgomery County Officers and without decedent Ali presenting any immediate threat to the as of yet unidentified Montgomery County Officers or  anyone.

29. As a direct and proximate result of Defendants' willful, malicious and intentional actions, Kareem Ali was murdered by the as of yet unidentified Montgomery County Officers.

Wherefore, Plaintiffs  demand judgment against Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. §1983)

30.  Plaintiffs hereby incorporate, by reference, paragraphs 1 through 16 as if fully set forth herein.

31.  Plaintiffs further allege that the as of yet unidentified Montgomery County Officers, with deliberate indifference to and reckless disregard for the safety and well-being of the decedent, and in violation of the 4th and 5th Amendments to the Constitution, did on October 10, 2010, commit or allow to be committed an unreasonable seizure which deprived Kareem Ali, of his Constitutional rights without affording him due process of law.

32.  As a direct and proximate result of the unreasonable actions of the as of yet unidentified Montgomery County Officers, Kareem Ali was subjected to the ultimate unlawful seizure, the loss of his life on October 14, 2010.

Wherefore, Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI
**(Intentional Infliction of Emotional Distress)**

33.  Plaintiffs incorporate, by reference, paragraphs 1 through 16 as if fully set forth herein.

34.  The as of yet unidentified Montgomery County Officer Defendants intentionally caused severe emotional distress to Kareem Ali by their extremely reckless, malicious and indifferent conduct, including but not limited to murdering him.

35.  As a direct and proximate result of Defendants extremely reckless, malicious and indifferent conduct, Kareem Ali suffered severe pain, emotional distress, and mental anguish as he was being tortured and beaten to death at the hands of the as of yet unidentified Montgomery County Officers.

Wherefore, Plaintiffs demand judgment against Defendants, jointly and severally, in the full

and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VII
### (Maryland Constitution)

36.   Plaintiffs incorporate by reference, paragraphs 1 through 16 as is fully set forth herein.

37.   The acts of the as of yet unidentified Montgomery County Officers in tasering and beating Kareem Ali to death, Articles 24 of the Maryland Declaration of Rights which gave Kareem Ali a right to due process of law before being deprived of his life and liberty and a right not to be subjected to an unreasonable seizure.

38.   Montgomery County is liable on the basis of respondeat superior for any violations of the Maryland Constitution by the as of yet unidentified Montgomery County Officers that deprived Kareem Ali of his rights under Article 24.   Montgomery County is also liable for its own violations of the Maryland Constitution in that it failed to supervise Rudolph Torres, and for its failure to train, discipline and supervise its police force in the use of lethal force and the prevention of violations of the federal and state constitutions.

39.   The Defendant County's failure to provide proper training and supervision demonstrated deliberate indifference to the safety of civilians with whom its police officers came into contact.   The County's wrongful conduct in failing to properly train and supervise its officers directly led to the death of Kareem Ali and to the injuries and damages suffered by his survivors.

Wherefore, plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## Jury Demand

The Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted,


 /s/ Gregory L. Lattimer
Gregory L. Lattimer, [15462]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513

Counsel for the Plaintiffs